UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MAYA ANGELOU PUBLIC<br>CHARTER SCHOOL<br>1851 9th Street, NW<br>Washington, D.C. 20001<br><br>    Plaintiff<br><br>    v.<br><br>DERRICK SHELTON, JR.<br>125 Franklin Street, NE, #M13<br>Washington, D.C. 20002<br><br>    Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:    CIVIL ACTION NO.<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## COMPLAINT

### JURISDICTION

1. Jurisdiction of this Court is found in the Individuals with Disabilities Education Improvement Act of 2004 ("IDEA"), 20 U.S.C. § 1400 *et seq.*, as an appeal of a hearing officer's determination.

2. Plaintiff, Maya Angelou Public Charter School ("MAPCS") is a District of Columbia Public Charter School which has elected to be its own local education agency (LEA) under IDEA, for special education issues.

3. Defendant is an adult student who is a current resident of the District of Columbia and claimed District of Columbia residency for all or part of the time during the underlying administrative proceedings.

## FACTS

4. The Defendant was attending MAPCS during the 2006-2007 school year.

5. The Defendant has a learning disability, and his Individualized Education Plan ("IEP") called for a total of 4.5 hours of specialized instruction and counseling per week.

6. The Defendant was a relatively model student, and with intensive work with MAPCS, was on the honor roll.

7. On or around November 17, 2006, after a break-up with his girlfriend who also attended MAPCS, the Defendant assaulted his ex-girlfriend in the hallway at MAPCS.

8. The Defendant was seen shoving the ex-girlfriend, choking her, and hitting her with an open hand.

9. Due to the violent nature of this incident, the Defendant was immediately disciplined and removed from MAPCS.

10. MAPCS sent a letter to the Defendant on November 22, 2006 indicating the need to convene a manifestation determination review ("MDR").

11. Following the incident, the Defendant's father went to MAPCS on more than one occasion to meet with Mr. Michael Luseni, the Director of Special Education, and Mr. Gene Pinkard, the Principal, at which time they all discussed the need to convene an MDR within 10 days.

12. The Defendant and his father met with Mr. Luseni on November 27, 2006 and again on November 28, 2006.

13. At both meetings, Mr. Luseni informed the Defendant of the need to convene the MDR within 10 days.

14. The Defendant and his father asked for the MDR to be postponed until they could locate a new placement.

15. On December 12, 2006, having not yet heard back from the Defendant nor his father, MAPCS sent a letter for invitation for the MDR.

16. With the MDR still pending, MAPCS informed the Defendant and his parents that after the Defendant's suspension exceeded 10 days, MAPCS would provide a tutor for the Defendant so that he could continue to access the general education curriculum pending the MDR.

17. MAPCS convened the MDR on December 19, 2006.

18. The Defendant, his parents, and his educational advocate, Mr. Corey Hamilton, were in attendance at the MDR meeting.

19. The Defendant discussed with the MDR team the incident leading to his removal from the school. The Defendant did not deny assaulting his ex-girlfriend.

20. The MDR team found that the assault was the result of a personal issue and was not a manifestation of the Defendant's learning disability.

21. The Defendant's advocate, Mr. Hamilton, was in agreement with the decision of the MDR team at the meeting.

22. Since the assault was not a manifestation of the Defendant's learning disability, MAPCS was permitted under the IDEA to discipline the Defendant the same as a general education student.

23. The team at MAPCS agreed that since the incident was isolated and of a personal nature, a functional behavior assessment ("FBA") and behavior intervention plan ("BIP") were

not appropriate or warranted for the student.

24. According to MAPCS's Parent and Student Handbook, conduct which constitutes danger to another student's physical health or an assault on another student is an expellable offense. Thus, the recommendation of the MDR team was expulsion.

25. The recommendations for expulsion were submitted to the Principal for a final determination.

26. The Principal agreed with the MDR recommendation and expelled the Defendant.

27. The Defendant and his parents were informed of their right to appeal the disciplinary decision to the appropriate entity.

28. MAPCS submitted the Defendant's documentation for placement referral to the District of Columbia Public Schools ("DCPS"), which is the State Educational Agency ("SEA"), on December 21, 2006.

29. Prior to MAPCS convening the MDR, the Defendant filed for an administrative due process hearing on or around December 12, 2006.[1]

30. MAPCS convened a resolution meeting following the MDR on December 19, 2006.

31. The Defendant's attorney, Ms. Roberta Gambale, Esq., attended the resolution meeting.

32. At the resolution meeting, MAPCS offered to provide the Defendant with three hours of tutoring per week for a reasonable period of time until a new placement was determined by DCPS.

33. MAPCS's IEP team determined that 3 hours of individualized one-on-one tutoring per

---

[1] The December 12, 2006 complaint was dismissed by the Chief Hearing Officer for insufficiencies on December 22, 2006. However, the Chief Hearing Officer permitted the Plaintiff to amend the complaint and restart all administrative time lines. The Plaintiff refiled the due process complaint on January 12, 2007.

week was appropriate since the Defendant's IEP called for a total of 4.5 hours of specialized instruction and counseling in a classroom setting.

34. The DCPS Placement Specialist assigned to MAPCS, Dr. Peggy Peagler, indicated that the Defendant's neighborhood school could implement his IEP of 4.5 hours of specialized instruction and counseling, and thus he should attend his neighborhood school, Cardozo Senior High School.

35. MAPCS informed the Defendant that he should enroll in his neighborhood school, in order to avoid any gaps in educational services.

36. MAPCS then delivered the Defendant's educational record to Cardozo SHS.

37. The due process hearing convened on March 12, 2007.

38. During the time period between the Defendant's expulsion and the hearing, MAPCS continued to offer 3 hours of tutoring per week to the Defendant.

39. The Defendant sporadically attended the tutoring sessions, but ultimately stopped attending the tutoring sessions on or around February 21, 2007.

40. Hearing Officer Coles B. Ruff issued his Decision ("HOD") on April 5, 2007.

41. The Hearing Officer found that

    1. While MAPCS did not convene the MDR within the required 10 days, the delay was the result of the Defendant's request and thus did not constitute a denial of a free appropriate public education ("FAPE").

    2. MAPCS denied the Defendant a FAPE by failing to conduct an FBA and BIP following the expulsion.

    3. MAPCS denied the Defendant a FAPE by failing to continue to provide services

to the Defendant following the expulsion.

42. The Hearing Officer ordered MAPCS to, *inter alia,* convene an IEP meeting within 10 days to develop a FBA / BIP, discuss if further evaluations were needed, revise the IEP as appropriate, discuss and determine placement, discuss and determine compensatory education, and develop a compensatory education plan for the time that MAPCS did not provide interim services.

43. The Hearing Officer then ordered MAPCS to reenroll the Defendant, unless DCPS issued a prior notice of placement after the IEP meeting convened.

## COUNT I

44. Plaintiff repeats and realleges paragraphs 1 - 43.

45. The Hearing Officer erred in finding that MAPCS denied the Defendant a FAPE by failing to conduct an FBA and BIP following the expulsion. The Hearing Officer found that "there was no evidence that the MDT determination that the student's behavior was not a manifestation of the student's disability was erroneous. Consequently, the Hearing Officer concludes that the student behavior for which he was suspended on November 17, 2007, was not a manifestation of his disability." *See* HOD at 9. Since the Hearing Officer found that the decision of the MDR was correct, he erred in finding that MAPCS should have conducted an FBA / BIP. Pursuant to IDEA, a student who is removed from his current placement for more than 10 days due a violation of the school's code of conduct must "receive, *as appropriate*, a functional behavior assessment. . . ." 20 U.S.C. § 1415(k)(1)(D)(ii); 30 C.F.R. § 300.530(d)(1)(ii) (emphasis added). The MDR determined that an FBA / BIP was **not** appropriate for the Defendant. Since the Hearing

Officer already found that the decision of the MDR was correct, he erred in finding that MAPCS should have conducted an FBA / BIP.

### COUNT II

46. Plaintiff repeats and realleges paragraphs 1 - 45.

47. The Hearing Officer erred in finding that MAPCS denied the Defendant a FAPE by failing to continue to provide services to the Defendant following the expulsion. The Hearing Officer found that the decision of the MDR was correct and appropriate. Therefore, MAPCS was permitted to discipline the student as a general education student without violating IDEA. Since MAPCS properly expelled the Defendant, MAPCS was not under an obligation to continue to provide services to him. MAPCS, however, did provide services in the form of individualized tutoring for 3 hours per week. The Defendant failed to avail himself of these service, and MAPCS cannot be held responsible for the Defendant not availing himself of these services. Thus, the Hearing Officer erred in finding that MAPCS failed to provide services after the expulsion thus denying the Defendant FAPE.

**WHEREFORE**, Plaintiff respectfully requests this Court to:

1. Issue a judgment for Plaintiff and against Defendant on all aforementioned counts;
2. Reverse the April 5, 2007, Hearing Officer's Decision, finding no denial of a free, appropriate, public education by MAPCS;
3. Award attorney fees to MAPCS pursuant to Individuals with Disabilities Education Improvement Act of 2004 Sec. 615 (i)(3)(B)(i)(II-III); and

4.      Grant such other and further relief as the Court deems just and proper.

          Respectfully submitted,

          /s/
          _____
          Paul S. Dalton, Esq.
          D.C. Bar No. 439118
          Dalton, Dalton, & Houston, P.C.
          1008 Pendleton Street
          Alexandria, Virginia 22314
          (703) 739-4300
          (703) 739-2323 (F)

CIVIL COVER SHEET
JS-44
(Rev.1/05 DC)

07-942
RCL

**I (a) PLAINTIFFS**
MAYA ANGELOU PUBLIC CHARTER SCHOOL
1109
D.C.

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Paul S. Dalton, Esq.
Dalton, Dalton, & Houston, P.C.
1008 Pendleton Street
Alexandria, Virginia 22314
(703) 739-4300

**DEFENDANTS**
DERRICK SHELTON, JR.

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

Case: 1:07-cv-00942
Assigned To : Robertson, James
Assign. Date : 5/22/2007
Description: Civil Rights-Non Employ.

**II. BASIS OF JURISDICTION** (PLACE AN x IN ONE BOX ONLY)
- 1 U.S. Government Plaintiff
- ● 3 Federal Question (U.S. Government Not a Party)
- 2 U.S. Government Defendant
- 4 Diversity (Indicate Citizenship of Parties in item III)

**III CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | 1 | 1 | Incorporated or Principal Place of Business in This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal Place of Business in Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

**IV. CASE ASSIGNMENT AND NATURE OF SUIT**
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

**A. Antitrust**
- 410 Antitrust

**B. Personal Injury/Malpractice**
- 310 Airplane
- 315 Airplane Product Liability
- 320 Assault, Libel & Slander
- 330 Federal Employers Liability
- 340 Marine
- 345 Marine Product Liability
- 350 Motor Vehicle
- 355 Motor Vehicle Product Liability
- 360 Other Personal Injury
- 362 Medical Malpractice
- 365 Product Liability
- 368 Asbestos Product Liability

**C. Administrative Agency Review**
- 151 Medicare Act

Social Security:
- 861 HIA ((1395ff)
- 862 Black Lung (923)
- 863 DIWC/DIWW (405(g)
- 864 SSID Title XVI
- 865 RSI (405(g)

Other Statutes
- 891 Agricultural Acts
- 892 Economic Stabilization Act
- 893 Environmental Matters
- 894 Energy Allocation Act
- 890 Other Statutory Actions (If Administrative Agency is Involved)

**D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

**E. General Civil (Other)** OR **F. Pro Se General Civil**

Real Property
- 210 Land Condemnation
- 220 Foreclosure
- 230 Rent, Lease & Ejectment
- 240 Torts to Land
- 245 Tort Product Liability
- 290 All Other Real Property

Personal Property
- 370 Other Fraud
- 371 Truth in Lending
- 380 Other Personal Property Damage
- 385 Property Damage Product Liability

Bankruptcy
- 422 Appeal 28 USC 158
- 423 Withdrawal 28 USC 157

Prisoner Petitions
- 535 Death Penalty
- 540 Mandamus & Other
- 550 Civil Rights
- 555 Prison Condition

Property Rights
- 820 Copyrights
- 830 Patent
- 840 Trademark

Federal Tax Suits
- 870 Taxes (US plaintiff or defendant
- 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
- 610 Agriculture
- 620 Other Food &Drug
- 625 Drug Related Seizure of Property 21 USC 881
- 630 Liquor Laws
- 640 RR & Truck
- 650 Airline Regs
- 660 Occupational Safety/Health
- 690 Other

Other Statutes
- 400 State Reapportionment
- 430 Banks & Banking
- 450 Commerce/ICC Rates/etc.
- 460 Deportation

- 470 Racketeer Influenced & Corrupt Organizations
- 480 Consumer Credit
- 490 Cable/Satellite TV
- 810 Selective Service
- 850 Securities/Commodities/ Exchange
- 875 Customer Challenge 12 USC 3410
- 900 Appeal of fee determination under equal access to Justice
- 950 Constitutionality of State Statutes
- 890 Other Statutory Actions (if not administrative agency review or Privacy Act

⑦

| ○ G. *Habeas Corpus/ 2255* | ○ *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ◉ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☒ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
◉ 1 Original Proceeding    ○ 2 Removed from State Court    ○ 3 Remanded from Appellate Court    ○ 4 Reinstated or Reopened    ○ 5 Transferred from another district (specify)    ○ 6 Multi district Litigation    ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)**
20 U.S.C. Sec 1400 et seq, appeal of an administrative Hearing Officer's Decision

**VII. REQUESTED IN COMPLAINT**    CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ _____    Check YES only if demanded in complaint    JURY DEMAND:    YES ☐   NO ☒

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    YES ☐   NO ☒    If yes, please complete related case form.

DATE May 20, 2007    SIGNATURE OF ATTORNEY OF RECORD    JHS

22

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.    CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.    CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

