Law Offices
**DALTON & DALTON, P.C.**
1008 Pendleton Street
Alexandria, Virginia 22314-1837
Telephone: (703)-739-4300
Facsimile:  (703)-739-2323

Paul S. Dalton ·˙·˙
Ellen Douglass Dalton ˙·˙·+
Jessica M. Smith ·+

Washington DC Office:
601 Pennsylvania Avenue, NW
South Building, Suite 900
Washington, DC 20004
Telephone: (202)-393-0060

˙ ADMITTED IN VA
+ADMITTED IN DC
· ADMITTED IN W. VA

August 30, 2007

Derrick Shelton, Jr
125 Franklin Street, NE, #M13
Washington, D.C. 20002

Dear Mr. Shelton,

Enclosed please find a copy of the complaint in the Maya Angelou Public Charter School versus Shelton case in which you are a named defendant.  Also enclosed is a request for waiver of service.  Maya Angelou PCS has been attempting to serve a copy of the complaint on you and has been unsuccessful.  Please contact your attorney and discuss whether or not you wish to waive service.  Please have your attorney contact us once you have made a decision.

Sincerely,

Paul S. Dalton, Esq.

cc: Roxanne Neloms, Esq.

## Notice of Lawsuit and Request for Waiver of Service of Summons

To:    Derrick Shelton, Jr
       125 Franklin Street, NE, #M13
       Washington, D.C. 20002

A lawsuit has been commenced against you. A copy of the complaint is attached to this notice. It has been filed in the United States District Court for the District of Columbia and has been assigned docket number 07 cv 0942 (RCL).

This is not a formal summons or notification from the court, but rather my request that you sign and return the enclosed waiver of service in order to save the cost of serving you with a judicial summons and an additional copy of the complaint. The cost of service will be avoided if I receive a signed copy of the waiver within 30 days after the date designated below as the date on which this Notice and Request is sent. I enclose a stamped and addressed envelope for your use. An extra copy of the waiver is also attached for your records.

If you comply with this request and return the signed waiver, it will be filed with the court and no summons will be served on you. The action will then proceed as if you had been served on the date the waiver is filed, except that you will not be obligated to answer the complaint before 60 days from the date designated below as the date on which this notice is sent.

If you do not return the signed waiver within the time indicated, I will take appropriate steps to effect formal service in a manner authorized by the Federal Rules of Civil Procedure and will then, to the extent authorized by those Rules, ask the court to require you to pay the full costs of such service. In that connection, please read the statement concerning the duty of parties to waive the service of the summons, which is set forth on the second page of the waiver form.

I affirm that this request is being sent to you on behalf of the plaintiff, this 30th day of August, 2007.

*Paul S. Dalton, Esq.*
*Plaintiff's Attorney*

<u>**Waiver of Service of Summons**</u>

TO:  Paul S. Dalton, Esq.
     1008 Pendleton Street
     Alexandria, VA 22314

I acknowledge receipt of your request that I waive service of a summons in the action of Maya Angelou PCS versus Shelton, which is case number 07 cv 0942 (RCL) in the United States District Court for the District of Columbia. I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I be served with judicial process in the manner provided by Rule 4.

I will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me if an answer or motion under Rule 12 is not served upon you within 60 days after August 30, 2007.


‾‾‾‾‾‾‾‾‾‾     ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
Date          Signature
              Printed/typed name: ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾

## DUTY TO AVOID UNNECESSARY COSTS OF SERVICE OF SUMMONS

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

2

## Waiver of Service of Summons

TO:  Paul S. Dalton, Esq.
     1008 Pendleton Street
     Alexandria, VA 22314

I acknowledge receipt of your request that I waive service of a summons in the action of Maya Angelou PCS versus Shelton, which is case number 07 cv 0942 (RCL) in the United States District Court for the District of Columbia. I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I be served with judicial process in the manner provided by Rule 4.

I will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me if an answer or motion under Rule 12 is not served upon you within 60 days after August 30, 2007.


_____        _____

Date              Signature
                  Printed/typed name: _____

## DUTY TO AVOID UNNECESSARY COSTS OF SERVICE OF SUMMONS

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

2

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

MAYA ANGELOU PUBLIC                         :
CHARTER SCHOOL                              :
1851 9th Street, NW                         :
Washington, D.C. 20001                      :
                                            :

      Plaintiff

        v.

DERRICK SHELTON, JR.
125 Franklin Street, NE, #M13               :
Washington, D.C. 20002                      :
                                            :
      Defendant.                       :
_____              :

Case: 1:07-cv-00942
Assigned To : Robertson, James
Assign. Date : 5/22/2007
Description: Civil Rights-Non Employ.

## **COMPLAINT**

### JURISDICTION

1.  Jurisdiction of this Court is found in the Individuals with Disabilities Education

    Improvement Act of 2004 ("IDEA"), 20 U.S.C. § 1400 *et seq.*, as an appeal of a hearing

    officer's determination.

2.  Plaintiff, Maya Angelou Public Charter School ("MAPCS") is a District of Columbia

    Public Charter School which has elected to be its own local education agency (LEA)

    under IDEA, for special education issues.

3.  Defendant is an adult student who is a current resident of the District of Columbia and

    claimed District of Columbia residency for all or part of the time during the underlying

    administrative proceedings.

FACTS

4.  The Defendant was attending MAPCS during the 2006-2007 school year.

5.  The Defendant has a learning disability, and his Individualized Education Plan ("IEP") called for a total of 4.5 hours of specialized instruction and counseling per week.

6.  The Defendant was a relatively model student, and with intensive work with MAPCS, was on the honor roll.

7.  On or around November 17, 2006, after a break-up with his girlfriend who also attended MAPCS, the Defendant assaulted his ex-girlfriend in the hallway at MAPCS.

8.  The Defendant was seen shoving the ex-girlfriend, choking her, and hitting her with an open hand.

9.  Due to the violent nature of this incident, the Defendant was immediately disciplined and removed from MAPCS.

10. MAPCS sent a letter to the Defendant on November 22, 2006 indicating the need to convene a manifestation determination review ("MDR").

11. Following the incident, the Defendant's father went to MAPCS on more than one occasion to meet with Mr. Michael Luseni, the Director of Special Education, and Mr. Gene Pinkard, the Principal, at which time they all discussed the need to convene an MDR within10 days.

12. The Defendant and his father met with Mr. Luseni on November 27, 2006 and again on November 28, 2006.

13. At both meetings, Mr. Luseni informed the Defendant of the need to convene the MDR within 10 days.

2

14. The Defendant and his father asked for the MDR to be postponed until they could locate a new placement.

15. On December 12, 2006, having not yet heard back from the Defendant nor his father, MAPCS sent a letter for invitation for the MDR.

16. With the MDR still pending, MAPCS informed the Defendant and his parents that after the Defendant's suspension exceeded 10 days, MAPCS would provide a tutor for the Defendant so that he could continue to access the general education curriculum pending the MDR.

17. MAPCS convened the MDR on December 19, 2006.

18. The Defendant, his parents, and his educational advocate, Mr. Corey Hamilton, were in attendance at the MDR meeting.

19. The Defendant discussed with the MDR team the incident leading to his removal from the school. The Defendant did not deny assaulting his ex-girlfriend.

20. The MDR team found that the assault was the result of a personal issue and was not a manifestation of the Defendant's learning disability.

21. The Defendant's advocate, Mr. Hamilton, was in agreement with the decision of the MDR team at the meeting.

22. Since the assault was not a manifestation of the Defendant's learning disability, MAPCS was permitted under the IDEA to discipline the Defendant the same as a general education student.

23. The team at MAPCS agreed that since the incident was isolated and of a personal nature, a functional behavior assessment ("FBA") and behavior intervention plan ("BIP") were

3

not appropriate or warranted for the student.

24.    According to MAPCS's Parent and Student Handbook, conduct which constitutes danger to another student's physical health or an assault on another student is an expellable offense.  Thus, the recommendation of the MDR team was expulsion.

25.    The recommendations for expulsion were submitted to the Principal for a final determination.

26.    The Principal agreed with the MDR recommendation and expelled the Defendant.

27.    The Defendant and his parents were informed of their right to appeal the disciplinary decision to the appropriate entity.

28.    MAPCS submitted the Defendant's documentation for placement referral to the District of Columbia Public Schools ("DCPS"), which is the State Educational Agency ("SEA"), on December 21, 2006.

29.    Prior to MAPCS convening the MDR, the Defendant filed for an administrative due process hearing on or around December 12, 2006.[1]

30.    MAPCS convened a resolution meeting following the MDR on December 19, 2006.

31.    The Defendant's attorney, Ms. Roberta Gambale, Esq., attended the resolution meeting.

32.    At the resolution meeting, MAPCS offered to provide the Defendant with three hours of tutoring per week for a reasonable period of time until a new placement was determined by DCPS.

33.    MAPCS's IEP team determined that 3 hours of individualized one-on-one tutoring per

---

[1]    The December 12, 2006 complaint was dismissed by the Chief Hearing Officer for insufficiencies on December 22, 2006.  However, the Chief Hearing Officer permitted the Plaintiff to amend the complaint and restart all administrative time lines.  The Plaintiff refiled the due process complaint on January 12, 2007.

week was appropriate since the Defendant's IEP called for a total of 4.5 hours of specialized instruction and counseling in a classroom setting.

34. The DCPS Placement Specialist assigned to MAPCS, Dr. Peggy Peagler, indicated that the Defendant's neighborhood school could implement his IEP of 4.5 hours of specialized instruction and counseling, and thus he should attend his neighborhood school, Cardozo Senior High School.

35. MAPCS informed the Defendant that he should enroll in his neighborhood school, in order to avoid any gaps in educational services.

36. MAPCS then delivered the Defendant's educational record to Cardozo SHS.

37. The due process hearing convened on March 12, 2007.

38. During the time period between the Defendant's expulsion and the hearing, MAPCS continued to offer 3 hours of tutoring per week to the Defendant.

39. The Defendant sporadically attended the tutoring sessions, but ultimately stopped attending the tutoring sessions on or around February 21, 2007.

40. Hearing Officer Coles B. Ruff issued his Decision ("HOD") on April 5, 2007.

41. The Hearing Officer found that

    1. While MAPCS did not convene the MDR within the required 10 days, the delay was the result of the Defendant's request and thus did not constitute a denial of a free appropriate public education ("FAPE").

    2. MAPCS denied the Defendant a FAPE by failing to conduct an FBA and BIP following the expulsion.

    3. MAPCS denied the Defendant a FAPE by failing to continue to provide services

5

to the Defendant following the expulsion.

42. The Hearing Officer ordered MAPCS to, *inter alia,* convene an IEP meeting within 10 days to develop a FBA / BIP, discuss if further evaluations were needed, revise the IEP as appropriate, discuss and determine placement, discuss and determine compensatory education, and develop a compensatory education plan for the time that MAPCS did not provide interim services.

43. The Hearing Officer then ordered MAPCS to reenroll the Defendant, unless DCPS issued a prior notice of placement after the IEP meeting convened.

## COUNT I

44. Plaintiff repeats and realleges paragraphs 1 - 43.

45. The Hearing Officer erred in finding that MAPCS denied the Defendant a FAPE by failing to conduct an FBA and BIP following the expulsion. The Hearing Officer found that "there was no evidence that the MDT determination that the student's behavior was not a manifestation of the student's disability was erroneous. Consequently, the Hearing Officer concludes that the student behavior for which he was suspended on November 17, 2007, was not a manifestation of his disability." *See* HOD at 9. Since the Hearing Officer found that the decision of the MDR was correct, he erred in finding that MAPCS should have conducted an FBA / BIP. Pursuant to IDEA, a student who is removed from his current placement for more than 10 days due a violation of the school's code of conduct must "receive, *as appropriate*, a functional behavior assessment. . . ." 20 U.S.C. § 1415(k)(1)(D)(ii); 30 C.F.R. § 300.530(d)(1)(ii) (emphasis added). The MDR determined that an FBA / BIP was **not** appropriate for the Defendant. Since the Hearing

6

Officer already found that the decision of the MDR was correct, he erred in finding that MAPCS should have conducted an FBA / BIP.

## COUNT II

46.    Plaintiff repeats and realleges paragraphs 1 - 45.

47.    The Hearing Officer erred in finding that MAPCS denied the Defendant a FAPE by failing to continue to provide services to the Defendant following the expulsion. The Hearing Officer found that the decision of the MDR was correct and appropriate. Therefore, MAPCS was permitted to discipline the student as a general education student without violating IDEA. Since MAPCS properly expelled the Defendant, MAPCS was not under an obligation to continue to provide services to him. MAPCS, however, did provide services in the form of individualized tutoring for 3 hours per week. The Defendant failed to avail himself of these service, and MAPCS cannot be held responsible for the Defendant not availing himself of these services. Thus, the Hearing Officer erred in finding that MAPCS failed to provide services after the expulsion thus denying the Defendant FAPE.

**WHEREFORE**, Plaintiff respectfully requests this Court to:

1.    Issue a judgment for Plaintiff and against Defendant on all aforementioned counts;

2.    Reverse the April 5, 2007, Hearing Officer's Decision, finding no denial of a free, appropriate, public education by MAPCS;

3.    Award attorney fees to MAPCS pursuant to Individuals with Disabilities Education Improvement Act of 2004 Sec. 615 (i)(3)(B)(i)(II-III); and

7

4.    Grant such other and further relief as the Court deems just and proper.


Respectfully submitted,

Paul S. Dalton, Esq.
D.C. Bar No. 439118
Dalton, Dalton, & Houston, P.C.
1008 Pendleton Street
Alexandria, Virginia 22314
(703) 739-4300
(703) 739-2323 (F)

8

Rev. 4/06

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

# INITIAL ELECTRONIC CASE FILING
# ORDER

Subsequent filings in this case must be made electronically using the Court's Electronic Case Filing System (ECF) pursuant to Local Rule 5.4.

ORDERED that counsel shall:

- Submit in paper, the original and copy of the complaint/notice of removal/petitions for habeas corpus and any accompanying papers (**not including summons and civil cover sheets**). Additionally, litigants are hereby required to provide those filings in PDF Format on a floppy disk or CD-Rom compact disk. The disk should be clearly labeled with the case number (if known) and the name of the parties. If unable to deliver the filing on a disk at the time of the new case filing, counsel should e-mail the initiating document and accompanying papers to dcd_cmecf@dcd.uscourts.gov by the close of business the day the new case was filed. Failure to supply electronic copies of the new case in a timely manner, will result in the attorney's name being added to the attorney non-compliant list and shared with the Court's ECF Judge's Committee. **Regardless of what option counsel chooses, the complaint/notice** of removal and accompanying papers must come to the Court as PDF documents. Each exhibit to the new case shall be in a separate PDF file. Failure to submit PDF versions of the complaint/notice of removal and other documents will delay the opening of the case in ECF.

- Register, if not previously registered, to become an electronic filer by completing and returning the enclosed ECF Registration Form found on the Court's Website at (www.dcd.uscourts.gov). The login and password are case specific and can be used for all cases.

- **Make all subsequent filings electronically. This is mandatory.**

- Have a PACER (Public Access to Court Electronic Records) account, in order to view dockets and documents. Call 1-800-676-6856 or visit www.pacer.psc.uscourts.gov for additional information.

- Schedule a training class at the Courthouse by going to the Court's ECF Internet Website (www.dcd.uscourts.gov/ecf.html). Also, filing instructions and an interactive tutorial can be found at this Internet Website.



_____
UNITED STATES DISTRICT JUDGE

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

## ELECTRONIC CASE FILES
## Attorney/Participant Registration Form

## LIVE SYSTEM

This form shall be used to register for an account on the Court's Electronic Case Files (ECF) system and to subscribe to the ECF EMail (Listserver) notification service. Registered attorneys and other participants will have privileges both to electronically submit documents, and to view and retrieve electronic docket sheets and documents for all cases assigned to the Electronic Case Files system. Listserver subscribers receive email messages whenever the Court wishes to electronically notify ECF registrants of pertinent ECF information.

The following information is required for registration:

If you are appointed pro bono or pro hac vice, please provide the case number: _____

First Name/Middle Initial/Last Name    _____  ____  _____

Last four digits of Social Security Number    _____

DC Bar ID#:    _____

Firm Name    _____

Firm Address    _____
_____
_____

Voice Phone Number    _____

FAX Phone Number    _____

Internet E-Mail Address    _____

By submitting this registration form, the undersigned agrees to abide by the following rules:

1.   This system is for use only in cases permitted by the **U.S. District Court for the District of Columbia.** It may be used to file and view electronic documents, docket sheets, and notices. Please visit the Court's ECF Internet, www.dcd.uscourts.gov, website to schedule training.

2.   Pursuant to Federal Rule of Civil Procedure 11, every pleading, motion, and other paper (except list, schedules, statements or amendments thereto) shall be signed by at least one attorney of record or, if the party is not represented by an attorney, all papers shall be signed by the party. An attorney's/participant's password issued by the court combined with the user's identification, serves as and constitutes the attorney's/participant's signature. Therefore, an attorney/participant must protect and secure the password issued by the court.

If there is any reason to suspect the password has been compromised in any way, it is the duty and responsibility of the attorney/participant to immediately notify the court. This should include the resignation or reassignment of the person with authority to use the password. The Court will immediately delete that password from the electronic filing system and issue a new password.

3.  An attorney's/participant's registration will not waive conventional service of a summons and complaint, subpoena, or other judicial process; submit the client to the jurisdiction of the Court; or operate as a consent to accept service of pleadings, documents, and orders in actions in which such attorney/participant has not entered an appearance.    An attorney's/participant's registration will constitute a waiver in law only of conventional service of other non-process pleadings, documents, and orders in the case.    The attorney/participant agrees to accept, on behalf of the client, service of notice of the electronic filing by hand, facsimile or authorized e-mail.

4.  Upon receipt of your login and password, you are strongly encouraged to change your password, which may be done through the Utilities function, to a name easily recalled. **You may be subjected to a fee, should the Clerk's Office have to create a new password for you, or alternatively, you may be required to appear in person to receive your new password.**

5.  Attorneys who are active members of the bar of this Court, or government attorneys who are employed or retained by the United States, or who have been permitted to proceed *pro hac vice*, must file pleadings electronically.

Please return this form to:                U.S. District Court for the District of Columbia
                                           Attn:   Attorney Admissions
                                           333 Constitution Avenue NW, Room 1825
                                           Washington, DC  20001

Or FAX to:                                 Peggy Trainum
                                           U.S. District Court for the District of Columbia
                                           (202) 354-3023

Applicant's Signature   _____

_____     _____     _____
Full Last Name                      Initial of      Last 4 Digits SS#
                                    First Name

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

Nancy M. Mayer-Whittington
Clerk

## NOTICE OF RIGHT TO CONSENT TO TRIAL
## BEFORE UNITED STATES MAGISTRATE JUDGE

The substantial criminal caseload in this Court and the requirements of the criminal Speedy Trial Act frequently result in a delay in the trial of civil cases. Aware of the hardship and expense to the parties, counsel, and witnesses caused by the delays which are beyond the control of the Court, this notice is to advise you of your right to a trial of your case by a United States Magistrate Judge. By statute, 28 U.S.C. § 636(c), Fed.R.Civ.P.73 and Local Rule 502, the parties, by consent, can try their case by means of a jury trial or bench trial before a United States Magistrate Judge. Appeals from judgments and final orders are taken directly to the United States Court of Appeals for the District of Columbia Circuit, in the same manner as an appeal from a judgment of a District Judge in a civil case.

### WHAT IS THE PROCEDURE?

One of the matters you are required to discuss at the meet-and-confer conference mandated by Local Rule 206 is whether the case should be assigned to a United States Magistrate Judge for all purposes, including trial.

All parties must consent before the case is assigned to a Magistrate Judge for trial. You may consent at any time prior to trial. If you expressly decline to consent or simply fail to consent early in the case, you are not foreclosed from consenting later in the case. However, a prompt election to proceed before a Magistrate Judge is encouraged because it will facilitate a more orderly scheduling of the case.

Attached is a copy of the "Consent to Proceed Before a United States Magistrate Judge for All Purposes" form. Your response should be made to the Clerk of the United States District Court only.

### WHAT IS THE ADVANTAGE?

The case will be resolved sooner and less expensively. The earlier the parties consent to assigning the case to a Magistrate Judge the earlier a firm and certain trial date can be established, even if the case is to be tried to a jury.

Upon the filing of the consent form and with the approval of the District Judge, the case will be assigned for all purposes to a Magistrate Judge.

CO-942A
Rev 3/95
Rev 7/99

Dalton & Dalton, P.C.
1008 Pendleton Street
Alexandria VA, 22314

Paul S. Dalton, Esq.
Dalton & Dalton, P.C.
1008 Pendleton Street
Alexandria, VA 22314



Dalton & Dalton, P.C.
1008 Pendleton Street
Alexandria VA, 22314

Derrick Shelton, Jr
125 Franklin Street, NE, #M13
Washington, D.C. 20002



UNITED STATES POSTAGE
PITNEY BOWES
02 1P $01.31
0000853009037 AUG 30 2007
MAILED FROM ZIP CODE 22314